NOT DESIGNATED FOR PUBLICATION

No. 120,111

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIDGET JAMES,
*Appellant/Cross-appellee*,

v.

DODGE CITY COMMUNITY COLLEGE,
*Appellee/Cross-appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed December 6, 2019. Affirmed.

*Peter J. Antosh*, of Garcia & Antosh, LLP, of Dodge City, for appellant/cross-appellee.

*Allen G. Glendenning*, of Watkins Calcara, Chtd., of Great Bend, for appellee/cross-appellant.

Before POWELL, P.J., HILL and WARNER, JJ.

PER CURIAM:  Claiming a violation of the Kansas Consumer Protection Act, Bridget James, a student at Dodge City Community College, sued the College. James claimed the College charged her fees, tantamount to tuition, which the school then misused to fund scholarships. The district court, upon the College's motion, dismissed her claims and, in turn, denied the College's claim for attorney fees. James appeals the dismissal of her case. The College cross-appeals, contending the court erred in not awarding the College attorney fees. For the reasons given in the opinion, we affirm the dismissal of James's suit and the denial of the College's claim for attorney fees.

1

*The parties focus on an amended petition.*

In her amended petition filed in June 2018, James claimed the College had violated the Kansas Consumer Protection Act. She alleged it misused public funds, "disguised as incidental fees," which constituted deceptive acts and practices in violation of K.S.A. 50-626. She also alleged this misuse of funds constituted unconscionable acts and practices in violation of K.S.A. 50-627. She asked the court to award her a $10,000 penalty for each of the College's violations under the Act and for reimbursement of the incidental fees she had paid to the College.

James had enrolled in the College's nursing program in the fall of 2016. She paid the required tuition, as well as "incidental" fees and costs as required by the College to participate in the program. Her claims are based on the payment of these incidental fees. In her view, they were tuition. James claimed that the College, by using the money from the incidental fees to fund scholarships, violated a statutory prohibition against using public funds to fund certain scholarships. James also claimed she received no benefit from a portion of the incidental fees she paid and that she was financially damaged by the College's "misuse of tuition, disguised as incidental fees, as a condition of granting her the privilege of attending [the College] and participating in its institutional program."

The College moved to dismiss her lawsuit. It admitted that James had paid her tuition. It also admitted that James was charged fees, which James paid, and the College used those fees to fund scholarships. The College cited various statutes, which it argued distinguished tuition from fees. In the College's view, the law authorized the College Board of Trustees to use the student fees for funding scholarships. The College submitted to the court the statutory amendments from 2001 authorizing the practice of assessing student fees for use in funding scholarships. The College also attached to its motion two affidavits and other supporting documents to establish that it followed statutory

2

requirements in establishing the rate of fees to be used for scholarships. The College also requested attorney fees, costs, and sanctions against James.

The district court found there were no factual disputes. It held that the statutes were not ambiguous and made a "real distinction between tuition and fees." The court found that the College took the proper statutory steps to establish the fees for use in funding scholarships, and so the line between the two charges "has not been blurred." The court granted the College's motion to dismiss James' lawsuit, but denied its request for attorney fees.

James appeals the dismissal of her lawsuit. The College cross-appeals the denial of its request for attorney fees.

Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. We, as an appellate court, will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state *any* claim upon which relief can be granted, then dismissal is improper. K.S.A. 2018 Supp. 60-212. See *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

James argues that the dismissal of her case was premature because additional factual inquiry is needed to determine whether fees are distinct from tuition. She argues that "these questions are probably better resolved at the summary judgment stage" to allow the court to "examine the money trail as fleshed out through discovery."

We do not think so because there is no factual dispute between the parties. The College admits it charged James for fees and that she paid the fees. And the College used part of the money from the fees to fund scholarships. James claims the College violated the law when it did so. The College argues to the contrary. Thus, the real dispute between

3

these parties is a question of law. Is this practice legal? To answer that question, we must turn to the applicable statutes.

In Kansas, community colleges, such as Dodge City Community College, are governed by the laws in Chapter 71 of the statutes. K.S.A. 71-203 provides that the board of trustees of a community college shall not allow the expenditure of any public funds for scholarships for students who reside outside the community college district. And no public funds can be used for athletic scholarships. Proceeds from admissions to activities sponsored by the community college, as well as moneys from the private sector, shall not be considered public funds. "Notwithstanding any provision of law to the contrary, *a community college may use student fees to grant student scholarships*," if that use is approved by the board and acknowledged by student government representatives. (Emphasis added.)

Under K.S.A. 71-301, the board of trustees shall charge and collect tuition at rates per credit hour established by the board. "*In addition to tuition*, the board of trustees may charge to and collect from each student fees at rates which shall be established by the board of trustees." (Emphasis added.)

In what seems to be a policy argument, James contends that "student fees" in the community college setting should be considered in the same way that student fees are defined under the State Board of Education Act, K.S.A. 72-243 et seq. James argues that "fees" should only be assessed to community college students for the use, rental, or purchase of specific items such as work books, musical instruments, or art supplies in the same way public school pupils may be assessed fees in accordance with K.S.A. 72-3352 and K.S.A. 72-3353. She argues that because the College assessed fees on a per credit hour basis and at a rate that exceeded the rate of tuition, the conclusion is "inescapable" that it is a distinction without a difference to claim that fees and tuition are not the same thing.

4

We are not persuaded by James' argument. Community colleges are not the same as public school districts. That is why different chapters of our statutes are devoted to each. Public school districts are prohibited from charging tuition, but may assess fees or supplemental charges, but community colleges—under the supervision of the state board of regents—may charge tuition, fees, and other charges. See Kan. Const. art. 6, § 6(b); K.S.A. 71-801(a).

We agree with the district court. The statute here—K.S.A. 71-203—is not ambiguous. The statute permits the establishment and assessment of fees along with tuition. That line was not blurred because the proper steps were followed to designate the fees to use for scholarships. The court also found that student fees may be used for athletic scholarships as they are one type of student scholarship.

The plain language of the statutes supports the district court's conclusions. The board of trustees may charge student fees at a rate set by the board, along with tuition. See K.S.A. 71-301. A community college may use student fees to fund student scholarships, provided the college follows a two-step process:

- Fee use for scholarships is approved by the board of trustees; and
- using student fees for scholarships is acknowledged by student government representatives.

That was done here. Thus, we affirm the dismissal of James' lawsuit.

We turn now to the College's request for attorney fees. When the trial court can grant attorney fees, its decision whether to award fees is reviewed under the abuse of discretion standard. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 81, 350 P.3d 1071 (2015).

The College does not claim the district court abused its discretion in failing to award attorney fees here, nor does the College cite any statutory authority outside of K.S.A. 2018 Supp. 60-211(b)—on pleading sanctions—in support of its argument for attorney fees. In other words, the court did not see fit to sanction James for filing this lawsuit.

After reviewing the record and noting that the fees the College assessed James exceeded her tuition, we see no reason to find her claims to be baseless. We, like the district court, will not impose a sanction and deny the College's request for attorney fees.

Affirmed.